## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| **Todd Jung** | ) | |
| 9237 Hadley | ) | |
| Overland Park, Kansas 66212 | ) | |
| | ) | |
| **On behalf of himself** | ) | |
| **and all other persons similarly situated,** | ) | |
| | ) | **Case No.:** |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Hy-Vee, Inc.** | ) | |
| An Iowa Corporation | ) | |
| Registered Agent: | ) | |
| Michael Jurgens | ) | |
| 5820 Westown Pkwy. | ) | |
| West Des Moines, IA  50266 | ) | |
| | ) | |
| **Defendant.** | ) | |

### COMPLAINT
### *Collective Action Claims*

**COMES NOW,** the Plaintiff, Todd Jung, on behalf of himself, and all others similarly situated, by and through counsel, and hereby set forth his representative action for violation of the Fair Labor Standards Act under §216(b) as follows:

### PRELIMINARY STATEMENT

1.      Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendant, Hy-Vee, Inc. for unpaid overtime compensation, and related penalties and damages.  It is Defendant's practice and policy to willfully fail and refuse to properly pay all overtime compensation due and owing to Plaintiff, and all other similarly situated employees, and doing so is in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

1

2.    Defendant's pay practices and policies are in direct violation of the FLSA, and therefore Plaintiff, on behalf of himself and all others similarly situated, seeks unpaid overtime premiums for all overtime work required, suffered, or permitted by Defendant, liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

## PARTIES

3.    Plaintiff Todd Jung resides at 9237 Hadley, Overland Park, Kansas 66212.

4.    Since 2003 and continuing to date, Plaintiff has been employed by Defendant at a retail grocery store of Defendant in Overland Park, Kansas.

5.    Since approximately February of 2005 until approximately September of 2008, Defendant employed Plaintiff on a full time basis in the capacity of an Inventory Specialist.

6.    Since approximately September of 2008 and continuing to date, Defendant has employed Plaintiff on a full time basis as a Product Specialist.  Although in 2008 Defendant changed the title of the position of the work performed by Plaintiff from Inventory Specialist to Product Specialist, the change was one of position title only.  The duties of work performed by Plaintiff did not substantially change from Inventory Specialist to Product Specialist.

7.    Since 2004 and continuing to date, Defendant has paid Plaintiff on a salary basis, without regard to the number of hours per week worked by Plaintiff.

8.    Since 2004 and continuing to date, Plaintiff has regularly and typically worked more than 40 hours per workweek without receiving any overtime premium for hours beyond 40 during such workweeks.

9.    The Putative Plaintiffs/Class Members are those employees, and former employees, of Defendant employed in the capacity of Inventory Specialist and/or Product

Specialist anywhere in the United States who were paid on a salary basis, while not being paid overtime compensation for working beyond 40 hours during workweeks.

10.    Defendant is an Iowa corporation doing business through retail grocery stores in various States, including Iowa. Plaintiff is employed at one of Defendant's retail grocery stores in Overland Park, Johnson County, Kansas. Defendant's corporate office, where Defendant's policies regarding compensation of Defendant's employees are formulated, is located at 5820 Westown Parkway, West Des Moines, Iowa 50266.

11.    Service may be made on Defendant by serving its registered agent, Michael Jurgens, 5820 Westown Parkway, West Des Moines, Iowa, 50266.

12.    At all relevant times, Defendant was the employer of Plaintiff, and all other similarly situated employees, and is thus liable to Plaintiff, and all others similarly situated, as an employer under applicable law.

## JURISDICTION AND VENUE

13.    This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

14.    The United States District Court for the Southern District of Iowa has personal jurisdiction because Defendant conducts business in Des Moines, Iowa, which is located within this District.

15.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendant conducts business, has substantial business contacts, and can be found in the Southern District of Iowa, and the causes of action set forth herein have arisen, in part, and occurred, in part, in the District of Kansas.

16.    Venue is further proper under 29 U.S.C. § 1132(e)(2) because Defendant has

substantial business contacts within the State of Iowa, and because some of the unlawful acts alleged herein occurred in Des Moines, Iowa.

17.     All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties.

**GENERAL COLLECTIVE ACTION ALLEGATIONS**

18.     This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b) in that the claims of Plaintiff are similar to the claims of the Putative Plaintiffs.

19.     Putative Plaintiffs/Class Members are those current and former Inventory Specialists and/or Product Specialists of Defendant who had, or have the same, or substantially similar, job duties, were paid on a salary basis, and who suffered or were permitted to work by Defendant, at Defendant's various locations throughout various States, while not being paid overtime compensation for hours worked in excess of 40 during workweeks.

20.     At all relevant times, Defendant has had a policy and practice of failing and refusing to pay its salaried Inventory Specialists and/or its salaried Product Specialists compensation at an overtime rate for hours worked in excess of 40 during workweeks.

21.     The Plaintiff and all Putative Plaintiffs/Class Members were subject to Defendant's policies and practices of failing and refusing to compensate salaried Product Specialists their statutorily required overtime rate of pay for hours worked in excess of 40 during workweeks.

22.     Common questions of law and fact predominate in this action because the claims of Plaintiff, and all others similarly situated, are based on whether Defendant's policy and practice of failing and refusing to compensate salaried Inventory Specialists and/or its salaried

Product Specialists salaried Product Specialists their statutorily required overtime rate of pay for hours worked pay in excess of 40 during workweeks in violation of the FLSA.

23. The Plaintiff will adequately represent the interests of the Putative Plaintiff/Class Members because he is similarly situated to the Putative Plaintiff/Class Members and his claims are typical of, and concurrent to, the claims of the other Putative Plaintiff/Class Members.

24. There are no known conflicts of interest between the Plaintiff and the other Putative Plaintiff/Class Members.

25. The Class Counsel is qualified and able to litigate the Putative Plaintiffs'/Class Members' claims.

26. The Class Counsel concentrate their practice in employment litigation, and their attorneys are experienced in collective/class action litigation, including collective/class actions arising under federal and state wage and hour laws.

27. Proceeding as a collective action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources.

28. A collective/class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate.

29. Collective action treatment is the only realistic means by which a Plaintiff such as Mr. Jung can effectively litigate against a large, well-represented corporate entity such as Defendant.

30. Numerous repetitive individual actions would also place an enormous unnecessary burden on the courts as they would be forced to take duplicative evidence and repeatedly decide the same issues relating to Defendant's conduct.

31.     Joinder of individual claims of all Putative Plaintiffs/Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.

32.     Each Putative Plaintiff Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices of permitting, suffering and/or failing to compensate employees their statutorily required rate of pay for overtime worked.

33.     Collective action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

## FIRST CAUSE OF ACTION/COUNT I
### *Fair Labor Standards Act*

34.     Plaintiff hereby incorporates all of allegations set forth in the above paragraphs in this Complaint as if fully set forth in this Count.

35.     Prior to, during, and after the Plaintiff's employment with the Defendant, the Defendant employed, throughout various States, numerous other individuals with the same job title, the same compensation structure, and similar job duties as Plaintiff (the Putative Plaintiffs/Putative Representative Action Plaintiffs).

36.     Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendant as salaried Inventory Specialists and/or salaried Product Specialists within three years from the commencement of this action who have not been paid overtime compensation, at one-and-one-half times the regular rate of pay, for all work performed in excess of 40 hours per week.

37.     This Complaint may be brought and maintained as an "opt-in" collective action

pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by the Putative Representative Action Plaintiff because the claims of Plaintiff are similar to the claims of the Putative Plaintiffs of the representative action.

38.   Plaintiff and the Putative Representative Action Plaintiffs are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendant's common practice, policy, or plan of refusing to compensate them for overtime pay in violation of the FLSA.

39.   The names and addresses of the putative members of the representative action are available from Defendant.   To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

40.   At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

41.   At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including each of the putative members of the FLSA representative action.

42.   At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

43.   The FLSA requires each covered employer, such as the Defendant, to compensate all non-exempt employees straight time for all hours worked and overtime compensation, at a rate of not less than one-and-one-half the regular rate of pay, for work performed in excess of forty hours in a workweek.

44.   Plaintiff and the Putative Members of this FLSA representative action are entitled

7

to be paid overtime compensation for all overtime hours worked.

45.     At all relevant times, Defendant has had a policy and practice of failing and refusing to pay to its salaried Inventory Specialists and/or salaried Product Specialists overtime pay at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of 40 hours in a workweek.

46.     The Defendant's failure to compensate Plaintiff, and all others similarly situated, overtime compensation at a rate of not less than one-and-one-half times the regular rate of pay, for work performed in excess of 40 hours in a workweek constitutes a violation of the FLSA, 29 U.S.C. §§ 201, *et seq.,* including 29 U.S.C. § 207(a)(1).

47.     Defendant's violation of the FLSA is continual in nature; Defendant continues to pay its salaried Product Specialists under the same unlawful policies and procedures that are set forth herein.

48.     The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

49.     The Plaintiff, on behalf of himself and all others similarly situated, seeks damages in the amount of all respective unpaid overtime compensation at a rate of one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, plus liquidated damages, attorneys' fees, costs, and expenses incurred in this action, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE**, Plaintiff, on behalf of himself and all proposed putative members of the FLSA representative action, prays for relief as follows:

a.     Designation of this action as a collective action on behalf of the proposed putative members of the FLSA representative action and prompt

issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to U.S.C. § 216(b);

b.      Designation of Plaintiff, Todd Jung, as Representative Plaintiff of the proposed putative members  of the FLSA representative action;

c.      Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

d.      Pre-Judgment and Post-Judgment interest, as provided by law; and/or

e.      An award of damages for overtime compensation due for the Plaintiff and the putative members of the Class, including liquidated damages, to be paid by Defendant;

f.      Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

**Designated Place of Trial**

COMES NOW, Plaintiff, by and through his counsel of record, and hereby designate the place of trial as follows:  Des Moines, Iowa.

/ S /

_____
Christine E. Branstad
CHRISTINE BRANSTAD LAW, PLLC
2501 Grand Avenue, Suite D
Des Moines, Iowa 50321-5311
Direct: 515/224-9595
Cell: 515/240/7043
E-mail: Branstad@BranstadLaw.com

9

**BRADY & ASSOCIATES**

Michael F. Brady, KS #18630
Mark A. Kistler, KS #17171
10901 Lowell Avenue, Suite 280
Overland Park, KS 66210
(913) 696-0925
(913) 696-0468 (fax)
brady@mbradylaw.com
mkistler@mbradylaw.com

*Pro Hac Vice to be filed*